## United Carbon Co. v. Spence.

March 4, 1941.

W. R. McCoy for appellant.

S. M. Maynard and J. L. Harrington for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Rosa Spence brought this action originally against the Warfield Natural Gas Company, in December, 1938. She sought to recover damages for injuries alleged to have been sustained when she fell into a ditch in which a gas pipe line had been placed. That Company answered denying liability and pleading contributory negligence on the part of the plaintiff. In April, 1939, Mrs. Spence was permitted to amend her petition by making the United Carbon Company a party defendant. Later she dismissed her action as to the Warfield Company. The United Carbon Company answered denying the material allegations of the petition. It also set up a plea of contributory negligence. A reply was filed denying the charge of contributory negligence. The trial resulted in a verdict of $550 in favor of Mrs. Spence. This appeal is being prosecuted from a judgment on that verdict.

The appellant filed a motion for a peremptory instruction at the conclusion of plaintiff's evidence, and also at the conclusion of all the evidence. The first ground urged for reversal is that a peremptory instruction should have been given in favor of the Carbon Company, because it was not shown that it operated the pipe line in question. We think this position is well taken.

The Company introduced the county clerk of Martin County, who testified that there was recorded in his office a deed executed in 1936 under which the United Carbon Company conveyed to the Barnes Transportation Company all of its pipe lines, including rights of way and easements, used for the transportation of natural gas in certain counties in Kentucky, of which Martin was one. A field superintendent of the appellant testified that he knew of the aforementioned deed and that it embraced the pipe line in question. He testified further that the United Carbon Company owned no pipe line in Martin County and had owned none since the date of the deed. There is no basis for the appellee's conten-

tion that the deed should have made specific reference to the pipe line in question. The testimony of the field agent to the effect that the Company owns no pipe lines in Martin County was not contradicted. On cross-examination this employee testified that the United Carbon Company transports gas through the line, but that the Barnes Company employs the persons who work on and look after the line; that the checks given these persons are made out by the Carbon Company, but that each employee takes care of wells and meters and that 60 per cent of his salary is charged to the Carbon Company for taking care of the gas and 40 per cent is charged to the Barnes Company. The appellee insists that this evidence is sufficient to show that the appellant maintained the line in question. But we think otherwise. The fact that the pay roll checks are made out by the appellant does not of itself show that that Company maintains the line in question. We have noted that the field superintendent testified otherwise.

In an effort to show that the United Carbon Company operated the line at the time Mrs. Spence sustained her injuries, her counsel cites the testimony of a son of Mrs. Spence to the effect that the line belonged to the United Carbon Company. This testimony was given over the objection of appellant, but we think this evidence is entitled to little weight because there is no showing whatever that this witness was qualified to testify as to the ownership or maintenance of the line. The evidence as to the maintenance of the line by the United Carbon Company was not sufficient to warrant the submission of the case to the jury. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877. It is our conclusion from the record before us that a peremptory instruction should have been given in favor of the United Carbon Company.

The judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.